## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH MEDDY KATWALA and NELISWAH KATWALA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 4:23-CV-1230 SRW |
| MARCY BADGER, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion in Opposition to Defendant's Notice of Removal and Request for Remand. ECF No. 7. Defendant Marcy Badger filed a Response. ECF No. 9. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1). For the following reasons, the Court will deny Plaintiffs' motion and decline to remand this action.

### Background

This personal injury action arises out of a motor vehicle accident that occurred on October 28, 2021, when a vehicle driven by Plaintiff Dr. Joseph Meddy Katwala was struck head-on by a vehicle driven by Defendant Marcy Badger ("Badger"). Plaintiffs initially filed this action on August 26, 2023, in the Circuit Court of the City of St. Louis, State of Missouri, Twenty-Second Judicial Circuit. The Petition alleged a negligence claim for injuries sustained by Plaintiff Dr. Katwala (Count I) and a loss of consortium claim by his wife, Plaintiff Neliswah Katwala (Count II). The Petition included allegations of physical injury, pain and suffering, and mental anguish, which Dr. Katwala claims he has suffered and will continue to suffer in the future. *Id.* at 3-4. In

the prayer for relief on both counts, Plaintiffs seek "an amount in excess of twenty-five thousand dollars ($25,000), pre-judgment interest, and for Plaintiff's costs herein expended, and for such other relief as the court deems just and proper under the circumstances." ECF No. 1-1 at 4.

Defendant Badger removed Plaintiffs' action to this Court on September 29, 2023, based on diversity jurisdiction. ECF No. 1. Defendant asserts this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the parties are citizens of different states. The Notice of Removal indicates that in a "pre-suit investigation Plaintiffs demanded $100,000.00 to settle all claims" and "Plaintiffs provided an itemized list of damages that make it reasonable to expect that they will demand in excess of $75,000.00 at trial." *Id.* at 2. Defendant asserts that in "the course of pre-suit investigations Plaintiffs provided an itemized list of present economic damages including medical expenses in excess of $42,000.00," which "did not include any future medical expenses nor non-economic damages such as pain and suffering." *Id.* at 3.

Attached to the Notice of Removal is a redacted "Case Evaluation and Demand," which listed the injuries sustained by Dr. Katwala, and included a statement that the damages could well exceed $75,000:

> Dr. Meddy Joseph Katwala (Dr. Katwala) has endured untold pain from injuries arising from his head on collision that include as pooled from his medical record:
>
>> 1. Lower extremity injuries from motor vehicle trauma including limp gait, difficulty walking, lower right leg pain, tenderness, pain with movement and weight bearing, and mid shin abrasion, and pain and weakness to left leg, mid shin area mechanism of injury blunt trauma. (Ambulance 911 responders)
>> 2. Hematoma/Abrasion Left anterior lower leg (ER providers)
>> 3. Other Lower back pain, Cervicalgia, Dizziness and Giddines [sic], Abrasion lower left leg sequel (Internist).

  4. Loss of normal lumbar curve consistent with muscle spasms (Radiologist).
  5. Severe interior left leg pain from knee down to ankle; severe pain and stiffness in thoracic and lumbar spine; headaches; change in bowel habits; sleeplessness; fatigue; severe muscle spasms in thoracic and lumbar spine;
  6. Complications of never before seen rash, abscesses, and bouts of constipations, stomach cramps, loss of appetite as wounds were healed
  7. Lumbago with Sciatica
  8. Shallow central disc protrusion at L5-S19 (MRI)
  9. Detected Disc protrusions with straitening of spine secondary to muscle strain at:
   C2-C3
   C3-C4
   C4-C5
   C5-C6
   C6-C7
   C7-T1 (MRI)

  Dr. Katwala's current and potential future claims against the insured driver, Marcy Badger (Badger), could exceed Five million dollars ($5,000,000.00).

ECF No. 1-2.

  On September 29, 2023, Plaintiffs filed the instant Motion in Opposition to the Notice of Removal and Request for Remand, arguing this Court lacks subject matter jurisdiction because Defendant fails to demonstrate "with competent or admissible proofs, an amount in controversy in excess of $75,000.00" ECF No. 7 at 2. Plaintiffs contend it was inappropriate for Defendant to use the demand letter as a basis to establish the amount in controversy and, even if it was proper, the demand amount of $100,000 is not applicable because "not all pre-suit claims were brought" by Plaintiffs in the Petition.

  Defendant opposes the request for remand, arguing that Plaintiffs have failed to show it would be legally impossible for them to recover more than $75,000, nor have they stipulated that they will seek no more than the federal amount in controversy. ECF No. 9. Defendant asserts that

3

it is appropriate for the Court to consider the settlement demand letter and, based upon the alleged injuries and past medical bills currently equaling $42,072.90, it is plausible that the amount in controversy will exceed $75,000 when also considering future economic and non-economic damages.

## Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(b). In the event the federal court determines that it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts about the propriety of removal must be resolved in favor of remand. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

The party seeking removal and opposing remand has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The Court must look to the plaintiff's pleadings at the time of removal in determining whether removal was proper. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be

apparent from the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"[T]he issue is not whether the damages are in fact greater than $75,000.00, but whether a fact finder might legally conclude that they are. Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Elliott v. Valvoline (Kentucky), LLC*, 2018 WL 4853033, at *2 (E.D. Mo. Oct. 5, 2018) (quoting *Hughes v. Transwood, Inc.*, 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018)). "Speculation and belief that a plaintiff's damages exceed $75,000 are insufficient to meet the burden of proof." *Biomedical Sys. Corp. v. Crawford*, 2016 WL 147146, at *2 (E.D. Mo. Jan. 13, 2016).  "When a state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount in controversy. In doing so, the court can consider the plaintiff's settlement offers." *Branch v. Wheaton Van Lines, Inc.*, 2014 WL 6461372, at *1-2 (E.D. Mo. Nov. 17, 2014).

## Discussion

Defendant removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship must exist between plaintiff and defendant, and the amount in controversy must exceed $75,000 exclusive of interest and costs. The parties do not dispute that there is complete diversity of citizenship. Rather, their dispute focuses on the amount-in-controversy requirement.

Within the state court Petition, Plaintiffs seek unspecified damages "in excess of twenty-five thousand dollars ($25,000), pre-judgment interest, and for Plaintiff's costs herein expended,

and for such other relief as the court deems just and proper under the circumstances." ECF No. 1-1 at 4. To meet its burden of proof to establish that removal is proper, Defendant must present specific facts or evidence. *See Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). Contrary to Plaintiffs' arguments, such evidence may include "settlement offers by plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." *See Ippert v. Schwan's Home Serv., Inc.*, 2011 WL 839654, at *2 (E.D. Mo. Mar. 7, 2011) (quoting *Neighbors v. Muha,* 2005 WL 2346968, *2 (W.D. Mo. Sept. 26, 2005) (citing *Halsne v. Liberty Mutual Group,* 40 F. Supp. 2d 1087, 1091 (N.D. Iowa 1999))). *See also Longo v. R.E. Monson, Inc.,* 2005 WL 3454517, *1-2 (E.D. Mo. Dec. 16, 2005) (denying plaintiff's motion to remand, after holding that the amount in controversy for the claim of negligence exceeded $75,000 based upon a pre-suit settlement demand and a demand letter calculating future medical expenses).

The Court finds Plaintiffs have failed to establish to a legal certainty that their claims are for less than the requisite amount. Plaintiffs submitted to Defendant an itemized list of "Present Economic Damages" in the amount of $42,072.90. *See* ECF No. 1-2 at 17 (redacted) and ECF No. 20-1 at 17 (sealed and unredacted). This amount does not include the costs of ongoing treatment, pain and suffering, or mental anguish. The Petition specifically indicates there are future damages related to the allegations of serious and disabling injuries:

> 13. As a direct and proximate result of the aforesaid occurrence and of the negligence, carelessness, and/or wonton and willful misconduct of Badger as set forth prior, [Dr. Katwala] has undoubtedly suffered and will continue to suffer severe and/or permanent injuries causing [Dr. Katwala] permanent pain and suffering, and [Dr. Katwala] has sustained injuries and other damages including but not limited to the following:

6

> a. Blunt trauma Lower extremity injuries;
> b. Hematoma/Abrasion Left anterior lower leg;
> c. Injury mid back;
> d. Injury to Lower back;
> e. Injury to neck;
> f. Injury to head resulting in recurrent chronic headaches;
> g. Treatment complications of constipations, stomach cramps, loss of appetite, change in bowel movement;
> h. Lumbago with Sciatica;
> i. Permanent scarring;
> j. Mental anguish;
> k. Fright and shock;
> l. Denial of social pleasure and enjoyments;
> m. Embarrassment, humiliation or mortification;
> n. Together with all other damages learned in the course of discovery.
>
> 14. As a direct and proximate result of the aforesaid occurrence, and the careless and negligent conduct of Badger as set forth prior, [Dr. Katwala] has endured significant pain and suffering and is likely to endure additional pain and suffering in the future and for life.

Petition, ECF No. 1-1 at ¶ 13-14. Plaintiffs explicitly represent in their Petition that more damages will be learned in the course of discovery. "It is common in personal injury litigation for pain and suffering damage awards to equal two to three times a plaintiff's medical expenses." *Burnham v. Summers*, 2009 WL 2231677, at *3 (E.D. Mo. July 24, 2009). Given the severity of Plaintiff's injuries as alleged in the Petition, the nature of damages sought, and the amount of the demand letter, the Court finds that Defendant has met her burden with respect to the amount in controversy.

Additionally, Plaintiffs stated in their demand letter for $100,000.00 that the total damages could exceed $5,000,000.00. ECF No. 1-2 at 1. *See McGuire v. J.B. Hunt Transp., Inc.*, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2014) ("[A]lthough the existence of a settlement demand does not resolve the [amount in controversy] issue, it is relevant."). Also notable, Plaintiffs have not

7

entered into a binding stipulation that the amount in controversy does not, and will not, exceed the Court's jurisdictional amount in controversy, nor have they offered to do so.

From the nature of the claims and allegations within the pleadings and the settlement demand, the Court concludes that a jury could award damages over $75,000. Plaintiffs' only arguments to support the amount in controversy being less than $75,000 is that the Court should not consider their pre-suit demand letter, along with an unsupported statement that the demand letter was partially based on claims they chose not to bring in their Petition. These arguments do not prove to a legal certainty that a jury could not award damages over $75,000. *See Quinn v. Kimble*, 228 F. Supp.2d 1038, 1040-41 (E.D. Mo. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . . As defendant points out, a jury *could* award the requisite jurisdictional amount, given that plaintiff[ ] suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses[.]") (internal quotation marks and citations omitted).

Because a preponderance of evidence supports federal jurisdiction, the motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Opposition to Defendant's Notice of Removal and Request for Remand [ECF No. 7] is **DENIED**.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of November, 2023.